MOORE, Chief Justice
(dissenting).
Because I believe a genuine issue of material fact exists as to whether G & R Mineral Services, Inc., was a “special employer” of David Vinson, Jr., I respectfully dissent from affirming the summary judgment in favor of G & R.

I. Facts and Procedural History

Vinson sought employment with G & R, a contractor who provided services to Chemical Lime Company of Alabama (“ChemLine”), the operator of a lime quarry in Calera. G & R directed Vinson to Diversified Sourcing Solutions, a temporary-employment agency who employed Vinson and assigned him to work for G & R at the Chemline “baghouse” to change out lime filters. Vinson’s first day at work was uneventful. On the second day he inhaled lime dust, left early, was hospitalized, and never returned to work.
Vinson sought and was awarded worker’s compensation benefits from Diversified. When Diversified’s workers’ compensation carrier became insolvent, the Alabama Insurance Guaranty Association assumed the responsibility of paying for Vinson’s care but eventually discontinued paying him benefits. Vinson then sued G & R seeking worker’s compensation benefits. G & R’s workers’ compensation carrier convinced Vinson to dismiss the action on the ground that Diversified, and not G & R, had been Vinson’s employer. Vinson then brought a negligence action against G & R, who raised as a defense that it was a “special employer” of Vinson and thus was immune from liability for negligence. Vinson moved to strike the “special employer” defense on the ground that it was inconsistent with G & R’s argument in the worker’s compensation case that it was not Vinson’s employer. The trial court denied the motion to strike and instead entered a summary judgment for G & R, finding that Diversified was merely a temporary-employment agency and that Vinson had an implied contract of special employment with G & R that shielded G & R from liability for torts. Vinson appealed the summary judgment to this Court.

II. Issue

The issue presented by this case is whether G & R was a “special employer” of Vinson so that Vinson’s exclusive recourse for a job-related injury at G & R’s work site was a worker’s compensation claim or whether he was solely an employ *750 ee of Diversified and was thus entitled to sue G & R in negligence for his injuries.

III. Analysis

Vinson argues that Diversified alone was his employer and that he had not formed an implied contract with G & R as a special employee. Alternately, Vinson argues that a genuine issue of material fact exists as to whether G & R was his special employer, thus precluding a summary judgment.
An action brought under Alabama’s Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975, is the exclusive remedy for an employee’s injuries sustained in the course of his or her employment. § 25-5-58, Ala.Code 1975. An employee is a “person in service of another under any contract of hire, express or implied, oral or written,” § 25-5-1(5), Ala.Code 1975 (emphasis added).
“ ‘When a general employer lends an employee to a special employer, the special employer becomes liable for workmen’s compensation only if “ ‘(a) the employee has made a contract of hire, express or implied, with the special employer;
“ ‘(b) the work being done is essentially that of the special employer; and[]
“ ‘(c) the special employer has the right to control the details of the work.’ ”
Terry v. Read Steel Prods., Inc., 430 So.2d 862, 865 (Ala.1983) (quoting 1C A. Larson, The Law of Workmen’s Compensation § 48 (1980)). If all three criteria are satisfied, the “special employer” may assert as a defense to a negligence action the exclusivity provision of § 25-5-53. In this case no dispute has arisen as' to criteria (b) and (c). The only contested factual issue at the summary-judgment stage and in this appeal is whether Vinson had entered into an implied contract of hire with G & R.
G & R argues that Diversified was a temporary-employment agency, which did not employ Vinson to do work for it, but instead assigned him to work on a contract basis for clients to whom it provided employees. A worker employed by a general employer that is “unambiguously [a] temporary employment placement agenc[y]” “necessarily agrees to a contract of hire with the special employer.” G. UB.MK Constructors v. Gamer, 44 So.3d 479, 488 (Ala.2010). The hourly fee G & R paid Diversified for Vinson’s services included a prorated payment for the workers’ compensation coverage Diversified carried. “A worker should not be allowed to sue in tort the employer who paid for his workers’ compensation.” Terry A. Moore, Alabama Workers’ Compensation § 5:49 (2013). However, in Lewis v. Alabama Power Co., 83 So.3d 560 (Ala.Civ.App. 2011), the Court of Civil Appeals found that a factor weighing against á special-employer relationship was that the defendant “was only indirectly involved in the provision of workers’ compensation insurance.” Id. at 567.
Vinson argues that G & R’s insistence that it was not Vinson’s employer in the worker’s compensation case creates a genuine issue of fact as to whether it should be considered Vinson’s employer in this negligence case. I agree.
G & R’s workers’ compensation insurance carrier, in seeking dismissal of G & R in Vinson’s worker’s compensation case, stated that Vinson had “no employer/employee relationship” with G & R and that “Mr. Vinson was not an employee of G & R Mineral Services.” Further, G & R’s safety officer in a letter to the Mine Safety and Health Administration stated: “The miner, David Vinson, is an employee of Diversified Sourcing Solutions, not G & R Mineral Services. Diversified [is] paying Mr. Vinson’s worker’s compensation bene *751 fits, not G & R.” G & R’s assertion that it did not have an employment relationship with Vinson is probative of the issue whether Vinson had an implied contract of employment with G & R. As Vinson argued: “If it is not obvious and unambiguous to G & R that Vinson was an implied-contract employee, then how can G & R legitimately assert that the implied contract for hire must have been unambiguous and obvious to Vinson?” Vinson’s reply brief, at 12.
Resolving all reasonable doubts in favor of the nonmovant, as we must in reviewing a summary judgment, I ■ would conclude that G & R’s opportunistic switch from nonemployer to employer raises a factual question whether G & R was Vinson’s special employer.
Additionally, Vinson’s two days of employment before his injury is ordinarily not sufficiently long to establish a special-employer relationship, Gamer, 44 So.3d at 488, and Diversified, not G & R, retained the right to terminate Vinson’s employment. “Obviously, the ‘right to hire and fire’ is indicative of an employment relationship.” 44 So.3d at 489. Finally, Diversified arguably operated not as a mere temporary-employment agency, but as a human-resources subcontractor for G & R. Employees of a subcontractor who perform work for another organization are not usually considered special employees of the recipient company. “[Tjhere is a point at which an entity that the contracting parties attempt to cast as a general employer assumes such duties as to become an independent contractor for provision of services, not just laborers, and at that point its employees do not impliedly contract with the ‘special employer.’ ” Gaut v. Medrano, 630 So.2d 362, 368 (Ala.1993).
Where fair-minded persons might draw different conclusions from undisputed facts, the question is one for the jury. One Justice stated this principle as follows:
“The issue in this case as to whether [defendant] was a special employee ... is not a question of pure law. It is [a] fact question if from the evidence, even though it is undisputed, reasonable persons might draw different conclusions as to whether [defendant] was a special employee....; such a fact question is for the jury. Only if all reasonable persons would reach the same conclusion would it be a question of law.”
Rast Constr. Inc. v. Peters, 689 So.2d 781, 786 (Ala.1996) (Kennedy, J., dissenting). In this case, the facts, depending upon the weight accorded to them and the inferences drawn from them, might reasonably support a legal conclusion that G & R was a special employer of Vinson or that it was not. In that circumstance the issue is one for the jury and a summary judgment is inappropriate. See Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349,1350 (Ala.1994) (noting that, in evaluating a motion for a summary judgment, “the' court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party”).